### 14084. MARTIN *v.* GEORGIA CASUALTY CO. *et al.*

STEPHENS, J. 1. An injury arose out of the employment and authorized the awarding of compensation in a case falling within the provisions of the Georgia workmen's compensation act, where an employee while in the performance of the duties for which he was employed was accidentally killed by a pistol discharged by a fellow employee while the latter was in the performance of the duties for which he was employed, and where the pistol was carried by the latter employee in the discharge of his duties as a convict guard, and where his duty as such was to maintain the pistol in proper working condition, and where he was, at the time of the accidental discharge, manipulating the pistol for the purpose of adjusting it and causing it to work properly.

2. The only conduct of an injured employee that would bar a recovery for compensation for an injury arising out of and within the course of the employment is some act of wilful misconduct on the part of the injured employee, causing the injury, as provided in § 14 of the workmen's compensation act (Ga. L. 1920, p. 167).

3. The act of the deceased in stepping beyond the duties of his employment and in a friendly and playful manner taking from the coemployee the pistol and tampering with it in such a manner that the coemployee, after retaking it, found it necessary to manipulate it for the purpose

of adjusting it and causing it to work properly, while voluntary upon the part of the deceased, was not the cause of the accidental discharge of the pistol in the hands of the other employee while readjusting it, and therefore was not the cause of the injury to the employee shot and killed by such discharge. While the act of the deceased in tampering with the pistol may have rendered necessary its readjustment by the other employee, it did not render its discharge necessary, and such act, therefore, can not in any sense have been the cause of its discharge or of the consequent injury. Compensation arising out of the death of the deceased therefore is not barred under section 14 of the act, supra, and it was therefore error for the superior court to affirm the award of the industrial commission denying compensation to the beneficiaries entitled thereto under the act.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
DECIDED SEPTEMBER 13, 1923.

Appeal; from Laurens superior court — Judge Kent. October 7, 1922.

Certiorari was granted by the Supreme Court.

*R. D. Flynt, Ira N. Eubanks,* for plaintiff.

*Brock, Sparks & Russell, J. E. Burch,* for defendants.